were conflicts in the testimony. Accordingly, it is ordered that said petition is hereby granted on the following issue:

> WHETHER THE ARMY COURT FAILED IN FULFILLING ITS STATUTORY DUTY PURSUANT TO ARTICLE 66, UNIFORM CODE OF MILITARY JUSTICE, WHEN IT FAILED TO INDEPENDENTLY WEIGH THE EVIDENCE AS REQUIRED BY THAT ARTICLE.

The record is returned to the Judge Advocate General of the Army for remand to the Army Court of Criminal Appeals to clarify whether a proper Article 66(c), UCMJ, review was conducted, and if not, to conduct such further review as may be necessary. *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

**No. 11–0166/AF. U.S. v. Harley T. Lusk. CCA S31624.** Review granted on the following issues:

I. WHETHER THE AFCCA ERRED WHEN IT HELD THAT THE ADMISSION OF THE AFDTL COVER MEMORANDUM WAS HARMLESS AND THE ADMISSION OF THE DD FORM 2624 WAS NOT PLAIN ERROR.

II. WHETHER THE PLAIN ERROR ANALYSIS OF THE CHAIN OF CUSTODY DOCUMENTS IN *UNITED STATES v. SWEENEY*, 70 M.J. 296 (C.A.A.F. 2011) IS INAPPLICABLE IN THE PRESENT CASE BECAUSE THE JUDGE DIRECTLY INSTRUCTED THE MEMBERS THAT THEY MUST FIND THE SAMPLE TESTED CAME FROM APPELLANT BEFORE THEY COULD CONVICT HIM AND THE ONLY EVIDENCE PROVING THAT FACT WAS THE CERTIFICATIONS OF ANALYSTS WHO DID NOT TESTIFY AT TRIAL BUT KNEW THEY WERE ASSISTING THE GOVERNMENT WITH THE COLLECTION OF EVIDENCE.

III. WHETHER THE AFCCA ERRED WHEN IT HELD THAT THE PROBATIVE VALUE OF THE AFIP TEST SUBSTANTIALLY OUTWEIGHED ITS PREJUDICIAL EFFECT AND THAT ITS ADMISSION WITHOUT LIMITATION WAS HARMLESS ERROR.

No briefs will be filed under Rule 25.